| | |
|---|---|
| HELEN FAULCONER,<br>*Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br>*Defendant* | CIVIL NO. 6:06cv00043<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Lowe's Home Centers, Inc. ("Lowe's") on July 20, 2007 (docket entry no. 24). For the reasons set forth below, Defendant's motion will be **GRANTED** in an order to follow.

## I. Background

This action arises from an incident on November 23, 2003, in which the plaintiff, Helen Faulconer, fell on an unidentified object at the Lowe's Home Center located at 8216 Timberlake Road, in Lynchburg, Virginia. Plaintiff had entered the Lowe's store to purchase stair treads for the remodeling of her basement. Plaintiff initially looked throughout the lumber area within the store for the stair treads, but could not locate any. Plaintiff then asked an employee for assistance, but the employee also could not find any stair treads. The employee concluded that the stair treads had been moved to the backyard[1] and directed Plaintiff to follow another employee already leading another customer to that area.

---

[1] The backyard is the overflow stock area for the store. It can be accessed by car or by three separate doorways: a standard doorway at the contractor sales desk and two sixteen by sixteen foot garage doors by the lumber aisle and by the receiving department, respectively. The backyard consists of an open yard with shelving under a canopy and an enclosed storage shed.

− 1 −

The second employee led the plaintiff and the other customer into the backyard. As they walked though the backyard, the employee pointed to shelves with lumber on them and advised the plaintiff to look there for the stair treads. Plaintiff looked in the direction of the shelves while she continued to follow the employee, but as she turned her gaze away from the shelves, Plaintiff felt an object under her foot and fell.

This object was a gray piece of concrete or rock approximately the size of an egg.[2] Plaintiff had not seen this object before she fell. In addition, Plaintiff did not see the Lowe's employee or the other customer walk around the object as they walked in front of her. Further, neither the zone manager responsible for the backyard, Maurice Eldridge, nor the store manager, Simon Jones, had seen the object during any of their earlier safety checks of the backyard.

As a result of her fall, Plaintiff suffered injuries to her hands, shoulder, lower back, and knee. Her injuries to her right knee required surgery on two separate occasions to repair cartilage. These injuries also required Plaintiff to miss work, resulting in lost wages.

On October 20, 2005, Plaintiff filed this action in the Circuit Court for the City of Lynchburg alleging that Lowe's negligently failed to inspect, maintain, and warn its customers of hazardous conditions within the store. Lowe's subsequently removed this suit from state court. At the conclusion of discovery, Lowe's filed the pending motion for summary judgment. In its motion, Lowe's argues that Plaintiff has not established any evidence of actual or constructive knowledge of the dangerous condition—the gray egg-shaped object—by any Lowe's employee on November 23, 2003.

In response, Plaintiff argues that, under the doctrine of spoliation of evidence, the Court should apply an adverse inference against Lowe's that the object in question was a Lowe's

---

[2] It is unclear from the record whether this object was a Lowe's product available for purchase. Although the

– 2 –

product. Plaintiff asserts that constructive knowledge of the hazard should be imputed to Lowe's if the object was a Lowe's product. Alternatively, Plaintiff contends that the employee leading her through the backyard was negligent for failing to notice the object on the floor.

The parties appeared before the Court on August 23, 2007, to argue their respective motions. The matter is therefore ripe for decision.

## II. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); Fed. R. Civ. P. 56(c). The Court does not weigh the evidence or determine the truth of the matter when considering a motion for summary judgment. *Id.* at 249. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255; *see also Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party can establish such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e). Summary judgment is appropriate if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

---

store manager did not identify the object as a Lowe's product in the incident report, the object has been lost. As a

The nonmoving party may not rest upon mere allegations, denials of the adverse party's pleading, or mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact."). If the proffered evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Anderson*, 477 U.S. at 242). Indeed, the trial judge has an affirmative obligation to "prevent 'factually unsupported claims and defenses' from proceeding to trial," *Anderson*, 477 U.S. at 249, and there is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### III. Discussion

The law regarding slip and fall cases in Virginia is well settled. A store owner owes a duty to its customers, as invitees upon its premises, to exercise ordinary care toward them. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E. 2d 649, 651 (Va. 1990). This duty requires the store owner to have its "premises in a reasonably safe condition for its [customers'] visit" and to remove "within a reasonable time" dangerous conditions that it created or which it "knew, or should have known, that other persons [created.]" *Id* (quoting *Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962)). In addition, the store has a duty to warn its customers "of the unsafe condition if it was unknown to [them], but was, or should have been known to the store owner." *Id.*

In this case, the plaintiff can offer no evidence that Lowe's employees had actual knowledge of the dangerous condition—the gray egg-shaped object lying on the floor in the backyard—that caused her fall. Therefore, the plaintiff must establish that Lowe's had constructive knowledge of the dangerous condition by providing evidence that the condition was

---

result, the parties could not conduct any discovery with respect to this object.

noticeable and had existed for a sufficient length of time to place the defendant on notice of the defective condition. *Colonial Stores Inc.*, 125 S.E.2d at 190.

With this inquiry, the plaintiff again falls short. There is no evidence in the record that Lowe's employees knew of the existence of the gray object on the floor. Plaintiff testified that the Lowe's employee leading her through the backyard did not walk around the gray object, which indicates that he did not notice the object either.[3] In addition, there is no evidence of the length of time it had been lying on the floor. It is just as logical to speculate that the object had been lying on the floor for a few seconds as it is to speculate that the object had lay there for sufficient time to impute constructive knowledge of its presence to Lowe's. *See Colonial Stores, Inc.*, 125 S.E. 2d at 190 (noting that the Court can only speculate as to the length of time a dangerous condition existed on the floor in the absence of evidence). As a result, there is insufficient evidence to defeat a summary judgment motion. *Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion.").

Even if I were to adopt Plaintiff's spoliation argument, there is still no evidence that any Lowe's employees had notice of the object on the floor. If indeed the object were a Lowe's product as Plaintiff suggests, this does not automatically impute knowledge of its presence on the floor to the Lowe's employees. It is just as plausible that a customer caused the object to be on the floor as it is that a Lowe's employee caused it to be there. Therefore, even if I adopt an adverse inference in Plaintiff's favor, I must still speculate as to the length of time the gray object

---

[3] Plaintiff offered conflicting testimony in her deposition and subsequent affidavit regarding her exact location to the employee and whether she had already begun walking toward the stair treads. In either case, Plaintiff cannot establish that the Lowe's employee had notice or should have had notice of the object's presence. If the object were so open and obvious that the employee should have noticed its presence, Plaintiff also should have noticed it as well and, therefore, would be contributorily negligent. *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (1991) ("A person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a

–5–

had been on the floor and to how it came to lay on the floor. As a result, summary judgment is appropriate.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (docket entry no. 24) is **GRANTED** in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: /s/ Norman K. Moon
United States District Judge

Date: August 31, 2007

---

matter of law.").